## J. A. MITCHELL v. STATE.

No. A-2407. Opinion Filed February 19, 1916.

(154 Pac. 1197.)

1. **APPEAL—Verdict—Evidence.** It is the exclusive province of the jury to pass upon the weight of the evidence and the credibility of the witnesses, and where competent evidence has been introduced tending to prove all the material allegations of the information, its weight and sufficiency to sustain a conviction is for the jury.

2. **INTOXICATING LIQUORS—Unlawful Possession—Sufficiency of Evidence.** Evidence considered and held sufficient to sustain a conviction for unlawful possession of intoxicating liquor with intent to sell the same.

(Syllabus by the Court.)

*Appeal from County Court, Canadian County;*
*W. H. Maurer, Judge.*

A. J. Mitchell, convicted of violating the prohibitory law, appeals. Affirmed.

*J. I. Phelps,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was tried and convicted on an information charging the unlawful possession of intoxicating liquors, and was sentenced to pay a fine of fifty dollars and be confined in the county jail for thirty days. From that sentence and judgment he appeals.

The only noticeable assignment of error is that, "The evidence is not sufficient to justify or sustain the verdict of the jury."

The testimony of J. M. Carter, under-sheriff, and P. G. Rowe, deputy sheriff was in substance as follows:

That the defendant was the keeper of a restaurant at Union City, and in serving a search warrant the officers found sixty-three pint bottles of beer; part of it was in a refrigerator along with some soda-pop and other light drinks.

James Sanders, and Lacy Bennett testified to having bought beer from the defendant.

The defendant did not testify as a witness, but his wife testified that the beer was kept for the personal use of the family.

Under the statute, questions of fact are to be decided by the jury (section 5873 Rev. Laws), and where competent evidence has been introduced tending to prove the material allegations of the information, its weight and sufficiency to sustain the conviction is for the jury.

Finding no error, the judgment of the lower court is affirmed.